28 F.3d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Neal WILSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6598.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1994.
 
 Before: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Jerry Neal Wilson appeals pro se a district court judgment denying his motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In November 1991, a jury convicted Wilson of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Wilson was sentenced to fifty-one months in prison plus a three year term of supervised release. In his motion to vacate, Wilson argues that his conviction was improper because he retained his right under federal law to possess a firearm and because the statute under which he was convicted is constitutionally invalid under the Equal Protection Clause. Upon review of the government's response and Wilson's reply, the district court concluded that Wilson's conviction was constitutional and denied the motion. Wilson has filed a timely appeal.
 
 
 3
 Initially, it is noted that a Sec. 2255 motion may not do service for a direct appeal. United States v. Frady, 456 U.S. 152, 156 (1982); Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). In order to obtain review of claims that could have been raised on direct appeal, but were not, Wilson must show cause and prejudice to excuse his failure to do so. Frady, 456 U.S. at 167-68; Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). No cause and prejudice is alleged or apparent.
 
 
 4
 Wilson was properly convicted under federal law, as a felon in possession of a firearm because he was convicted of a crime punishable by more than one year of imprisonment. See 18 U.S.C. Sec. 922(g). Moreover, the statute under which Wilson was convicted does not violate the Equal Protection Clause merely because it permits referral to relevant state law to determine whether he has had his civil rights restored to him. Diversity of treatment under state law in this context is not only permitted under the Constitution, it is protected and guaranteed under the Constitution given our system of dual sovereignty between the states and federal government. See Gregory v. Ashcroft, 111 S.Ct. 2395, 2399-2400 (1991).
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.